UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JASON MCCOLLUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-CV-21 NAB |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Jason McCollum's (McCollum) appeal regarding the denial of his application for a period of disability, disability insurance benefits, and supplemental security income under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 7.] Based on the following, the Court will affirm the Commissioner's decision.

**I.   Background**

On July 2, 2010, McCollum applied for a period of disability, disability insurance benefits, and supplemental security income. (Tr. 259-69.) The Social Security Administration ("SSA") denied McCollum's claim and he filed a timely request for a hearing before an administrative law judge ("ALJ"). (Tr. 124-25, 166-70, 174-78.) The SSA granted McCollum's request for review. (Tr. 179-82.) An administrative hearing was held on November 15, 2011. (Tr. 36-58.) McCollum, who was represented by counsel, testified at the hearing. On February 2, 2012, the ALJ issued a decision affirming the denial of benefits. (Tr. 131-141.) McCollum

requested review of the ALJ's decision from the Appeals Council.[1]  The Appeals Council granted McCollum's request for review and remanded the case to the ALJ for further review and development of the record.  (Tr. 149-51.)

Upon remand, a different ALJ conducted two additional administrative hearings.  (Tr. 59-99.)  McCollum, represented by counsel, testified at the second hearing on April 25, 2013.  (Tr. 59-85.)  Vocational Expert Dolores Elvira testified at the final hearing on May 9, 2013.  (Tr. 86-99.)  On September 3, 2013, the ALJ issued a written opinion and found that McCollum has not been under a disability from January 1, 2005 through the date of the decision.  (Tr. 13-27.)  McCollum requested review of the ALJ's decision from the Appeals Council.  (Tr. 8.)  On November 28, 2014, the Appeals Council denied McCollum's request for review.  (Tr. 1-3.)  The decision of the ALJ thus stands as the final decision of the Commissioner.  *See Sims v. Apfel,* 530 U.S. 103, 107 (2000).

McCollum filed this appeal on January 30, 2015.  [Doc. 1.]  The Commissioner filed an Answer and the certified Administrative Transcript on April 14, 2015.  [Docs. 10, 11.]  McCollum filed a Brief in Support of Complaint on May 14, 2015.  [Doc. 12.]  The Commissioner filed a Brief in Support of the Answer on July 15, 2015.  [Doc. 15.]

## II.     Issues for Review

McCollum presents two issues for review.  First, McCollum contends that the ALJ failed to properly weigh the opinion of Dr. Philma Opinaldo.  Second McCollum contends that the residual functional capacity assessment (RFC) is not supported by substantial evidence in the record as a whole.

---

[1] This request is not contained in the record.

**III.     Standard of Review**

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1)(A),423(d)(1)(A).

The SSA uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled.  20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1).  First, the claimant must not be engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix to the applicable regulations.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's RFC to perform past relevant work.  20 C.F.R. §§ 404.1520(e), 416.920(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant meets this burden, the analysis proceeds to step five.  At step five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs in the national economy.  *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000).  If the

claimant satisfies all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole to consider:

> (1) The findings of credibility made by the ALJ;
>
> (2) The education, background, work history, and age of the claimant;
>
> (3) The medical evidence given by the claimant's treating physician;
>
> (4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
>
> (5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare,* 623 F.2d 523, 527 (8th Cir. 1980).

## IV. Discussion

### A. Medical Opinion Evidence from Dr. Opinaldo

First, McCollum contends that the ALJ should have given controlling weight to the opinion of Dr. Philma Opinaldo. McCollum received treatment from Dr. Opinaldo between July 2007 and January 2009 and sporadically between September 2010 and March 2012. (Tr. 611-47, 882-890, 1067-69, 1219-1221.) During those time periods, Dr. Opinaldo treated McCollum for generalized osteoarthritis, muscle cramps and spasms, generalized anxiety disorder not otherwise specified, benign hypertension, urinary hesitancy, sinusitis, rotator cuff tendonitis, chronic pain syndrome, allergic rhinitis, bipolar disorder, and subacromial bursitis. On October 13, 2011, Dr. Opinaldo completed a Physical Medical Source Statement regarding McCollum. (Tr. 1064-65.) Dr. Opinaldo opined that McCollum was limited to frequently or occasionally lifting and carrying up to five pounds and standing and/or walking continuously and throughout the day less than one hour. (Tr. 1064.) She further opined that McCollum could sit continuously for forty-five minutes at one time and sit throughout an eight hour work day with usual breaks less than 1 hour per day. (Tr. 1064.) Dr. Opinaldo wrote that McCollum was limited in pushing or pulling due to shoulder and right forearm and hand pain. (Tr. 1064). Dr. Opinaldo opined that McCollum could never climb, kneel, crouch, crawl, but he could occasionally stoop, reach, handle, finger, and feel. (Tr. 1065.) Dr. Opinaldo also opined that McCollum could frequently balance, see, speak, and hear. (Tr. 1065.) Dr. Opinaldo's opinion found that McCollum must

5

avoid any exposure to extreme cold, hazards, and heights and moderate exposure to extreme heat, weather, wetness, humidity, dust/fumes, and vibration. (Tr. 1065.) Dr. Opinaldo opined that McCollum would need to lie down or recline every 30 minutes and that McCollum's medications would cause a decrease in concentration, persistence, or pace. (Tr. 1065.)

The ALJ did not fully accept Dr. Opinaldo's opinion. (Tr. 24.) The ALJ rejected Dr. Opinaldo's opinion regarding McCollum's lifting, carrying, pulling, and pushing restrictions, because the opinion was inconsistent with Dr. Ritter's opinion, x-rays, and McCollum's activities of daily living, which included helping friends move, working out at a gym, and playing basketball. The ALJ also noted that McCollum was denied Vicodin and advised to use over-the-counter medication. The ALJ rejected Dr. Opinaldo's opinion regarding McCollum's sitting, standing, and walking limitations, because it was contrary to McCollum's own testimony and inconsistent with diagnostic testing and clinical signs. (Tr. 24.) The ALJ also rejected Dr. Opinaldo's opinion regarding limitations for occasional reaching, handling, fingering, and feeling, instead limiting McCollum to frequent reaching, handling, fingering, and feeling. The ALJ did not accept the opinion that precluded all kneeling or crouching or other postural activities, because that contradicted with McCollum's daily activities of caring for his personal needs, maintaining hygiene, caring for his elderly parents, performing errands, and doing housework. The ALJ also found that there were no clinical findings as to a knee impairment to support such a limitation. (Tr. 24.) The ALJ accepted Dr. Opinaldo's opinion that McCollum was precluded from exposure to cold, heights, or hazards. (Tr. 24.)

All medical opinions, whether by treating or consultative examiners are weighed based on (1) whether the provider examined the claimant; (2) whether the provider is a treating source; (3) length of treatment relationship and frequency of examination, including nature and extent of

the treatment relationship; (4) supportability of opinion with medical signs, laboratory findings, and explanation; (5) consistency with the record as a whole; (6) specialization; and (7) other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c), 416.927(c). Generally, a treating physician's opinion is given controlling weight, but is not inherently entitled to it. *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006). A treating physician's opinion "does not automatically control or obviate the need to evaluate the record as a whole." *Leckenby v. Astrue*, 487 F.3d 626, 632 (8th Cir. 2007). A treating physician's opinion will be given controlling weight if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. §§ 404.1527(c), 416.927(c); SSR 96-2p; *see also Hacker*, 459 F.3d at 937. "Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must 'always give good reasons' for the particular weight given to a treating physician's evaluation." *Prosch v. Apfel,* 201 F.3d 1010, 1013 (8th Cir. 2000).

In this case, the Court finds that the ALJ's partial acceptance of Dr. Opinaldo's medical opinion evidence is supported by substantial evidence. The ALJ's reasons for discounting Dr. Opinaldo's opinion are supported by the record. First, the ALJ can discount a treating physician's opinion for being inconsistent with a claimant's daily activities. *See Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (ALJ can discount treating physician's testimony where claimant testified that she worked up to 23 hours a week, stood on her feet for 2 hours at a time, and lifted heavy items and her treating physician's opinion stated that claimant could only stand for 2 to 3 minutes at a time and seldom reach with upper extremities). In this case, there was evidence that McCollum was engaged in many substantial activities during the alleged period of disability, including working, obtaining an associate's degree, cutting firewood,

bicycling, exercising, hiking, taking care of elderly grandparents, and working in data entry. (Tr. 544, 618, 671, 706, 722, 888, 975-77, 981, 1080-82, 1086-88, 1096-1104, 1152.) Second, the objective medical evidence and Dr. Opinaldo's treatment notes do not support the restrictions contained in Dr. Opinaldo's opinion. *Heino v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009) (ALJ may grant less weight to a treating physician's opinion when that opinion conflicts with other substantial medical evidence within the record). For example, Dr. Opinaldo's treatment notes indicate she instructed him to get regular exercise, which directly contradicts the significant limitations in her opinion. (Tr. 646, 889, 1069, 1221.) Finally, the ALJ adopted the portions of Dr. Opinaldo's opinion that he found credible and included those restrictions in the RFC determination, including some of the environmental restrictions. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010) (ALJ not obligated to include limitations from opinions he properly disregarded); *Wagner v. Astrue*, 499 F.3d 842, 858 (8th Cir. 2007) (ALJ did not completely disregard treating physician's opinion as he concurred that claimant could perform office or desk work).

### B. RFC Determination

Next, McCollum contends that the action should be remanded, because the ALJ discounted all of the evidence regarding his work related limitations; therefore the record needs further development. In making a disability determination, the ALJ shall "always consider the medical opinions in the case record together with the rest of the relevant evidence in the record." 20 C.F.R. §§ 404.1527(b), 416.927(b); *see also Heino*, 578 F.3d at 879. "[T]he ALJ is not qualified to give a medical opinion but may rely on medical evidence in the record." *Wilcockson v. Astrue*, 540 F.3d 878, 881 (8th Cir. 2008). The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental

impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[2] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall*, 274 F.3d at 1217. An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox*, 471 F.3d at 907.

As noted above, the Court found that the ALJ did not err in discounting Dr. Opinaldo's opinion. McCollum suggests that because Dr. Opinaldo's opinion received little weight, the RFC determination and disability finding were not supported by substantial evidence in the record. The ALJ "is not required to rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians. *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011). The RFC determination is based on all of the evidence in the medical record, not any particular doctor's treatment notes or medical opinion. *Pearsall*, 274 F.3d at 1217. The medical record in this action is extensive. Further development of the record was not required. "An ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). A review of the record as a whole, including the ALJ's credibility findings, provide support for the ALJ's RFC determination and do not indicate a need for further development of the record or additional limitations. This Court's decision in *Jackson v. Colvin*, is distinguishable from this case. *Jackson v. Colvin*, No. 4:13-CV-233 NAB, 2013 WL 6571600 (E.D. Mo. Dec. 13, 2013). In *Jackson*, the Court reversed and remanded the

---

[2] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

action, because the objective medical evidence indicated symptoms consistent with claimant's impairments, the ALJ made an improper credibility finding, the ALJ improperly weighed claimant's treating physician's opinion, and there was no other medical evidence in the record regarding claimant's work related functional limitations. *Jackson*, at *2. The facts of this case are the opposite. The evidence shows that claimant's activities of daily living greatly exceed the limitations contained in Dr. Opinaldo's opinion. Further, the objective medical evidence does not support the limitations McCollum presented to the Commissioner. Therefore, the Court finds that the ALJ's RFC determination was supported by substantial evidence in the record as a whole.

**V.     Conclusion**

Based on the foregoing, the Commissioner's final decision is affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs. 1, 12.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

Dated this 16th day of March, 2016.

   /s/ Nannette A. Baker  
NANNETTE A. BAKER  
UNITED STATES MAGISTRATE JUDGE